# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 21-CR-23 (NEB/LIB) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| LEVI BRANDIN JEROME, | |
| Defendant. | |

Defendant Levi Brandin Jerome is charged with robbery and using, carrying, or brandishing a firearm in relation to a crime of violence. Jerome moved to suppress evidence obtained pursuant to a search warrant for his apartment. In a Report and Recommendation, United States Magistrate Judge Leo I. Brisbois recommends that the Court deny Jerome's motion. (ECF No. 49 ("R&R").) Jerome objected to the R&R, and for the reasons below, the Court overrules his objection and accepts the R&R.

## ANALYSIS

Neither party objects to the R&R's description of the factual background in this case, so the Court incorporates those facts by reference. (R&R at 2–5.) Jerome challenges the nighttime search of his apartment on two grounds—that it violated both the Fourth Amendment and Rule 41 of the Federal Rules of Criminal Procedure. Neither argument is persuasive.

I.   **Fourth Amendment**

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. The "ultimate touchstone of the Fourth Amendment is reasonableness." *United States v. DE L'Isle*, 825 F.3d 426, 431 (8th Cir. 2016) (internal quotations and citation omitted). Even when a search is conducted pursuant to a valid warrant, which Jerome concedes is the case here, officers must still execute it in a reasonable manner. *Lykken v. Brady*, 622 F.3d 925, 930 (8th Cir. 2010) (citation omitted). Jerome argues that a single aspect of the search of his apartment was unreasonable—that it was conducted at night even after officers had apprehended Jerome. To determine whether the officers' execution of the warrant was reasonable, the Court must balance the intrusiveness of the search against the need for the search. *Hummel-Jones v. Strope*, 25 F.3d 647, 650 (8th Cir. 1994) (citing *Tennessee v. Garner*, 471 U.S. 1, 7–8 (1985)).

A nighttime search was justified, even after officers took Jerome into custody. In applying for the search warrant, Officer Brandon Larson included the prevention of destruction of evidence and protection of officers and the public as reasons for the nighttime search. (Gov't Ex. A at 193–94.[1]) After considering these concerns, a state court judge approved the nighttime search. (*Id.* at 197.) Though these justifications may have been less compelling after Jerome was arrested, the arrest did not completely negate

---

[1] Citations to exhibits refer to the exhibits Judge Brisbois received during the hearing on the motion to suppress. Page numbers in citations to Government Exhibit A refer to the Bates stamp numbers that appear at the bottom-right corner of the document.

them. Jerome would not have been able to destroy evidence in his apartment after he was arrested, but his associates may have had access to his apartment and the ability to destroy evidence located within it. (ECF No. 44 ("Hr'g Tr.") at 38:9–15.) Additionally, when the officers arrested Jerome, they did not recover the rifle used in the offense. (*Id.* at 37:16–18; 37:23–38:4.) The gun could have been in Jerome's apartment, possibly along with other people who had access to it.[2] In these circumstances, a nighttime entry into the apartment would better protect the safety of the officers. Thus, even though Jerome was in custody, the searching officers still had a justification for the nighttime search.

The intrusiveness of the search, by contrast, was minimal. Jerome was not present in the apartment when the officers executed the search warrant, nor is there any indication that anyone else was present. A nighttime search "can be particularly intrusive," *United States v. Ferguson*, 35 F. App'x 282, 283 (8th Cir. 2002), such as when it is conducted without a warrant, *Jones v. United States*, 357 U.S. 493, 498 (1958), but the officers had a warrant to conduct a nighttime search of Jerome's apartment, and the record does not otherwise suggest that this search was especially intrusive.

---

[2] At the hearing, White Earth Police Department Investigator Breeann Brandenburger testified that officers surveilled Jerome's apartment during the week between applying for the search warrant and executing it. (Hr'g Tr. at 21:18–22:2, 35:3–11.) This surveillance, however, was not constant, and officers did not surveil the inside of Jerome's apartment. (*Id.* at 35:12–17.) Thus, the fact that officers surveilled Jerome's apartment and did not observe any signs of anyone inside does not negate the possibility that Jerome's associates may have been inside his apartment.

Because the justification for a nighttime search outweighs the intrusiveness of that search, the search was reasonable and did not violate the Fourth Amendment. *See United States v. Kelley*, 652 F.3d 915, 918 (8th Cir. 2011) (holding that there was no Fourth Amendment violation when officers executed a warrant permitting a nighttime search). This conclusion accords with another court in this District that considered the same issue. *United States v. Rucker*, No. 11-CR-255 (PJS/AJB), 2011 WL 6740328, at *1 (D. Minn. Dec. 21, 2011), *aff'd on other grounds*, 545 F. App'x 567 (2013).[3]

## II.     Rule 41[4]

Jerome also contends that the nighttime search of his apartment violated Rule 41(e)(2)(A)(ii) of the Federal Rules of Criminal Procedure. Under this rule, a search

---

[3] Even if the nighttime execution of the search warrant were not reasonable, the evidence would not be suppressed because the officers who executed the warrant acted in good faith. When officers act in good faith in obtaining and executing a search warrant, evidence is not excluded even if the warrant is later invalidated. *United States v. Long*, 797 F.3d 558, 566 (8th Cir. 2015) (citation omitted). Nothing in the record shows that the officers acted in anything other than good faith when executing the warrant. The warrant specifically authorized a nighttime search and was not conditioned on Jerome still being at large. (Gov't Ex. A at 197.) Investigator Brandenburger testified that neither she nor the other members of the search team doubted that they had authority to conduct a nighttime search. (Hr'g Tr. at 39:10–23.)

[4] As Judge Brisbois noted, and as both parties seem to agree, Rule 41 only applies to federal searches. *United States v. Spencer*, 439 F.3d 905, 913 (8th Cir. 2006) (citation omitted); *United States v. Maholy*, 1 F.3d 718, 721 n.4 (8th Cir. 1993) (declining to apply Rule 41 to a search conducted solely by state officers) (citations omitted). Although Jerome is challenging a search conducted pursuant to a warrant sought by a state law enforcement officer and issued by a state court judge, the record suggests that federal agents were in some way involved in the investigation. (Hr'g Tr. at 42:1–3.) Because the

warrant must be executed between 6:00 a.m. and 10:00 p.m. unless the issuing judge "for good cause expressly authorizes execution at another time." Fed. R. Crim. P. 41(a)(2)(B), 41(e)(2)(A)(ii). The officer who applied for the warrant supplied several reasons supporting the nighttime search, and the issuing judge agreed that these reasons established good cause to issue a nighttime warrant. (Gov't Ex. A at 193–94, 197.) The warrant and the search therefore complied with Rule 41(e)(2)(A)(ii). *Kelley*, 652 F.3d at 918 (concluding that officers complied with Rule 41 when they "present[ed] the state court judge with probable cause to issue a warrant and good cause to authorize an immediate, night-time search").

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's objection (ECF No. 54) is OVERRULED;

2. The Report and Recommendation (ECF No. 49) is ACCEPTED; and

3. Defendant's motion to suppress (ECF No. 31) is DENIED.

Dated: August 9, 2021                                    BY THE COURT:

                                                         s/Nancy E. Brasel
                                                         Nancy E. Brasel
                                                         United States District Judge

---

Court cannot determine whether federal agents were involved in executing the challenged search, it will assume that Rule 41 applies.